Swing, J.
We think the judgment of the court of common pleas should be affirmed.
In the first place, the probate court has no jurisdiction of the parties. The notice by publication was not in accordance with the statute; there should have been six instead of five week’s notice.
Milton Sater, attorney for the children of Cloud.
Judson Harmon, and P. W. France, for guardian of Mrs. Cloud;
The fact- that the court finds that proper notice was given should not be taken as true, when tbe record discloses the fact to be that no legal notice was given.
In the second place, the court had no jurisdiction of the subject-matter. Section 6198, under which it is claimed the court had jurisdiction in this action, is not an independent section, but depends on section 6195, and no settlement and order of distribution had been made as required by said section. This was necessary before the court could proceed under section 6198.
The court not having jurisdiction of either the persons or the subject-matter of the action, its proceedings were void.
A motion was the proper remedy. The judgment of the court could not affect the rights of the parties, but it was a cloud on the rights of the parties and blot on the journal of the court, and it became the duty of the court, when called to its attention, to remove it.